IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LIONEL A. BERRYMAN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. CIV-12-502-JHP-KEW |
| | ) |
| JUSTIN JONES, Director of the | ) |
| Oklahoma Department of | ) |
| Corrections, | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

This matter comes on for consideration of Respondent's Motion to Dismiss (Doc. 7). Respondent claims Petitioner's petition for habeas corpus relief is barred by the statute of limitations contained within the Antiterrorism and Effective Death Penalty Act, "AEDPA," 28 U.S.C. § 2244(d). Petitioner has responded that he did not see the state district court order that was filed on December 29, 2011, prior to respondent attaching it to their motion to dismiss herein,[1] and that this court should consider the fact that his sentence is excessive and illegal.

As a preliminary matter the Court notes that Justin Jones is currently the Director of the Oklahoma Department of Corrections which is responsible for the Carter County Work Center in which the petitioner is housed. Pursuant to 28 U.S.C. § 2242, an application for writ of habeas corpus "must allege the name of the person who has custody" over the

---

[1] Despite Petitioner's claim that he never saw this state court order, the pleadings submitted herein indicate that he filed an objection on January 20, 2012, less than thirty days after the order was filed. *See*, Dkt. # 7-4.

petitioner. The Court finds that Justin Jones should be substituted as the proper party Respondent and the Court Clerk shall be directed to note such substitution on the record.

The AEDPA, enacted April 24, 1996, established a one-year limitations period for habeas corpus petitions as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claims is pending shall not be counted toward any period of limitation under this section.

The pleadings herein indicate that the petitioner entered a plea of guilty and was sentenced on April 6, 2011. *See*, Dkt. # 7-1, at p. 2. Petitioner had ten days in which to file a motion to withdraw his plea before the judgment became final. *See*, Rule 4.2A, Rules of

the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18. App. (2012). Since petitioner did not file a motion to withdraw his plea, his judgment became final on April 18, 2011.[2] Petitioner's one year statutory limitation period began the next day. *United States v. Hurst*, 322 F.3d 1256 (10th Cir. 2003). As a result, if no further state court remedies had been sought by the petitioner, the statutory period would have expired on April 19, 2012.

On September 23, 2011, however, the petitioner sought post-conviction relief in the state district court. *See*, Dkt. #s 7-1, at p. 3 and 7-3. On September 26, 2011, the State filed a motion for summary denial of the application for post-conviction relief. *Id*. On December 28, 2011, the petitioner filed a motion for summary disposition of application for post-conviction relief. *Id*. On December 29, 2011, the state district court filed an order denying the petitioner's application for post-conviction relief. *Id*. Thereafter, on January 20, 2012, the petitioner filed an objection in the state district court. Dkt. # 7-4. On January 23, 2012, the state district court denied the petitioner's objection, finding it to be "vexatious and without merit." Dkt. # 7-5. Petitioner did not appeal from the denial of his post-conviction application. As a result, the statute of limitations was tolled during the pendency of this state post-conviction proceeding, (*i.e.* from September 23, 2011 until January 23, 2012, or a total of 122 days). Therefore, the petitioner had until August 19, 2012, (or 122 days after April 19, 2012) to file the instant habeas proceeding. The proceeding was, however, not filed until December 4, 2012. Accordingly, this court concludes the petition for habeas corpus is untimely.

Even assuming that the petition was timely filed herein, Petitioner's failure to file an appeal

---

[2] Counting only calendar days, the conviction became final on April 16, 2011. Because that day was a Saturday, the next business day of April 18 is the date the conviction was final. *See*, Okla. Stat. tit. 25, § 82.1.

with the Oklahoma Court of Criminal Appeals would prevent this court from exercising jurisdiction over petitioner's claims. Although Petitioner claims he never received a copy of the order dismissing his state court post-conviction application, the record indicates the order was mailed to him on January 23, 2012 (Dkt. # 7-5) and he filed an "objection" within less than thirty days after the state court entered its order denying his post-conviction application. Furthermore, the petitioner could have filed an appeal of the order denying his "objection."

"A threshold question that must be addressed in every habeas case is that of exhaustion." *Harris v. Champion*, 15 F.3d 1538, 1554 (10th Cir. 1994). A federal habeas petition may not be granted as to any claim unless the petitioner has exhausted available state court remedies regarding that claim; there is an absence of available State corrective process; or circumstances exist that render the state process ineffective to protect the rights of the applicant. *See*, 28 U.S.C. § 2254(b)(1). "[T]he federal claim must be fairly presented to the state courts so that the state courts have had the first opportunity to hear the claim sought to be vindicated in the federal habeas proceeding." *Ogle v. Johnson*, 488 F.3d 1364, 1368 (11th Cir.2007) (internal quotation marks omitted) (citation omitted). Where a claim has not been exhausted, federal courts do not have the authority to grant a writ of habeas corpus unless the State expressly waives exhaustion. 28 U.S.C. § 2254(b)(1) and (3). In this case, the Petitioner has not exhausted his claims and the State has not waived the exhaustion requirement. Therefore, the Petitioner is not entitled to habeas relief.

Accordingly, this court finds Petitioner failed to file his petition for writ of habeas corpus within the one-year limitations period. Therefore, Respondent's motion to dismiss the petition for

writ of habeas corpus as barred by the statute of limitations should be granted and the petition should be dismissed with prejudice. Additionally, the Court Clerk is hereby directed to substitute Justin Jones, the Director of the Oklahoma Department of Corrections as the proper party Respondent herein.

It is so ordered on this  8th  day of April, 2013.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma